# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Lionel S. Bradley, | ) | |
| | ) | Civil Action No.: 9:18-cv-00538-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Turbeville Correctional Institution, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of Magistrate Judge Bristow Marchant's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 27, 2018 (ECF No. 21). The Report addresses Plaintiff Lionel S. Bradley's ("Plaintiff") Petition for Writ of Habeas Corpus ("Petition") and recommends that the court dismiss the Petition without prejudice. (ECF No. 21 at 2.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** the Petition without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 21 at 1.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant Petition on February 23, 2018. (ECF No. 1.) Plaintiff alleged numerous constitutional violations, including transgressions under *Brady* and the ineffective assistance of counsel, and asked the court to vacate a state court judgment. (ECF No. 1 at 2, 15.) On June 14, 2018, the Warden of Turbeville Correctional Institution ("Defendant") filed

a Motion for Summary Judgment. (ECF No. 16.) The Magistrate Judge issued a *Roseboro* Order[1] on June 18, 2018, and advised Plaintiff of the consequences of failing to respond to Defendant. (ECF No. 18 at 1-2.) On that same day, the *Roseboro* Order was mailed to Plaintiff. (ECF No. 19.) Plaintiff failed to respond to the Magistrate Judge's *Roseboro* Order and has not contacted the court. (ECF No. 21 at 1.)

The Magistrate Judge filed the Report on June 27, 2018. (*Id.* at 2.) The Report stated that Plaintiff's Petition would normally be "dismissed with prejudice for lack of prosecution" because he has been unresponsive to the court despite court orders. (*Id.* at 1 & n.1.) However, the Report ultimately concluded that Plaintiff's *pro se* status warranted a dismissal without prejudice. (*Id.* at 2.) The parties were apprised of their opportunity to file objections to the Report on July 27, 2018. (*Id.* at 3.) Neither party objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] A *Roseboro* Order requires district courts to provide an explanation of summary judgment procedures in habeas corpus cases. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Petition. (ECF No. 21 at 1-2.) Since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) and incorporates it herein. The court **DISMISSES** Plaintiff's Petition for Writ of Habeas Corpus without prejudice.

### Certificate of appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*
United States District Judge

August 21, 2018
Columbia, South Carolina